# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| MAYARAM DAMODARSHAI SADHU, et al., | : | |
| Plaintiffs, | : | Civil Action No. 06-2664 (JAG) |
| v. | : | **ORDER** |
| ALBERTO GONZALES, AS UNITED STATES ATTORNEY GENERAL, | : | |
| Defendant. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on respondent Alberto Gonzales' ("Respondent") "Motion for Reconsideration, in Response to Motion for Stay of Removal and Other Relief" (Docket Entry No. 5) and "Motion to Dismiss the Petition" (Docket Entry No. 5). Respondent contends that this Court's transfer of Mayaram Damodarshai Sadhu's, Kalpana Mayaram Sadhu's, Prutha Mayaram Acharya's, Samarth Mayaram Acharya's ("Petitioners") petition seeking the issuance of a writ of habeas corpus ("Petition") to the United States Court of Appeals for the Third Circuit should be reconsidered because the Court of Appeals does not have jurisdiction over this matter. Respondent also contends that the case should be reopened, since this Court lacked the authority to transfer the case to the Court of Appeals, and then dismissed, since this Court ultimately lacks jurisdiction over the Petition. For the reasons set forth below, the motion for reconsideration will be denied.

1

On June 13, 2006, Petitioners filed the Petition, seeking review of the decision of the Board of Immigration Appeals ("BIA") dated April 16, 2003, and of the BIA's August 28, 2003 opinion. By order dated August 25, 2006, this Court held that, pursuant to 8 U.S.C. §1252(a)(5), it lacked jurisdiction over the Petition and transferred the case to the Third Circuit Court of Appeals, pursuant to 28 U.S.C. §1631.

Respondent filed a motion for reconsideration on September 1, 2006. Respondent notes that section 106(c)[1] of the Real ID Act requires that all habeas corpus petitions that were pending in a district court at the time of its enactment be transferred to the appropriate court of appeals. Respondent argues that it follows that all cases that were not pending on the date of the Real ID Act's enactment (May 11, 2005), may not be transferred to a court of appeals. As Petitioners' Petition was filed on June 13, 2006, after the Real ID Act was enacted, Respondent contends that this Court may not transfer the case to the Third Circuit Court of Appeals.

Further, relying on the Third Circuit's opinion in Sadhu v. Attorney General of the United States, 166 Fed.Appx. 620 (3d Cir. 2006), and on the language of the Real ID Act, Respondent contends that the Third Circuit Court of Appeals lacks jurisdiction over the present petition and that the Petition should not be transferred to the Court of Appeals. Therefore, Respondent argues that the transfer order should be vacated and the case reopened before this Court.

Respondent also argues that this Court does not have jurisdiction over the Petition because the Real ID Act divested district courts of jurisdiction to review removal orders. Real ID Act § 106(a), codified as 8 U.S.C. § 1252(a)(5); Hernandez v. Gonzales, 437 F.3d 341, 344 (3d

---

[1] This provision of the Real ID Act was not codified as part of the U.S. Code.

Cir. 2006). Respondent contends that since this Court does not have jurisdiction over Petitioners' Petition, once the case is reopened the petition must be dismissed.[2]

As Respondent did not indicate whether the motion for reconsideration was filed under Rule 59(e) or 60(b), both rules will be considered.

Rule 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." The standard in reviewing a motion for reconsideration is whether there has been "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The "extraordinary remedy of reconsideration, pursuant to Rule 59(e) . . . is to be granted sparingly." A.K. Stamping Co., Inc. v. Instrument Specialities Co., Inc., 106 F. Supp.2d 627, 662 (D.N.J. 2000). "Only dispositive factual matters and controlling decisions of law that were raised but not considered by the Court on the initial motion may be the subject of a motion for reconsideration." Id.

In its current motion, Respondent has satisfied the time constraints of Rule 59(e) by filing the motion for reconsideration within 10 days after the entry of this Court's August 25, 2006

---

[2] In his Brief supporting the motion for reconsideration, Respondent addressed Suspension Clause arguments made by Petitioners in their Petition. This Court does not have jurisdiction to review constitutional issues from the Petition, such as the constitutionality of the Real ID Act, because the Real ID Act divested jurisdiction from district courts for cases challenging a final removal order. Pub. L. 109-13, Div. B, Title I, § 106(a)(5), codified as 8 U.S.C. §1252(a)(5). The Real ID Act, as codified by 8 U.S.C. §1252(a)(2)(D), permits the appropriate court of appeals to review constitutional claims and questions of law. See Kamara v. Attorney General, 420 F.3d 202, 210 (3d Cir. 2006).

Order to transfer Petitioner's Petition to the Third Circuit Court of Appeals. Respondent, however, has not shown that there has been an intervening change in controlling law, nor presented new evidence. North River Ins. Co., 52 F.3d at 1218. Rather, Respondent bases the motion for reconsideration on an alleged clear error of law.

Respondent argues that this Court erred in transferring this case to the Court of Appeals, since the transfer provision of the Real ID Act applies only to petitions pending in district court on the effective date of the Act.[3] However, this argument ignores 28 U.S.C. §1631, which states that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

---

[3] The Real ID Act § 106(c) provides that:

If an alien's case, brought under section 2241 of title 28, United States Code and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division [May 11, 2005], then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252 [subsec. (b)(2) of this section]), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

Publ. L. 109-13, Div. B, Title I, §106(c).

Since 8 U.S.C. § 1252(a)(5) vests exclusive jurisdiction over the review of removal orders in the appropriate court of appeals, this Court is required by 28 U.S.C. §1631 to transfer a petition that is wrongly filed before this Court to the appropriate court of appeals.  While it appears that Respondent asks this Court to ignore the provisions of 28 U.S.C. §1631, and instead rely solely on the Real ID Act for its authority to act, this Court cannot read statutes in a vacuum. U.S. v. Zheng, 768 F.2d 518, 522 (3d Cir. 1985).  That is, courts assume Congress knows about other statutes already in effect and drafts new statutes with the existing statutes in mind.  See Bush v. Gore, 531 U.S. 98, 128 (noting that the Florida Supreme Court correctly looked at relevant statutory provisions as "a whole").

In addition, Congress was presumably aware of 28 U.S.C. §1631 when it enacted the Real ID Act, and a consistent reading of the two statutes would allow habeas corpus petitions filed after the enactment of the Real ID Act to be the transferred to the appropriate court of appeals. See Posters 'N' Things, Ltd. v. U.S., 511 U.S. 513, 522 (noting that an objective construction of the phrase "primarily intended" should be consistent with other federal statutes).

"Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985).  The plain language of the Real ID Act states that district courts "shall transfer the case . . . to the court of appeals for the circuit" if the petition was pending on the date of enactment. Pub. L. 109-13, Div. B, Title I, § 106(c).  The Real ID Act does not state that habeas corpus petitions filed in district court after the enactment of the Act may not be transferred to the appropriate court of appeals.  To interpret the language of the Real ID Act to do so would "[go] behind the plain

language of a statute in search of a possibly contrary congressional intent." American Tobacco Co. v. Patterson, 456 U.S. 63, 75 (1982) (quoting Piper v. Chris-Craft Indus., Inc., 430 U.S. 1, 26 (1977)); Cf. Sorrells v. United States, 287 U.S. 435, 450 (1932) ("to construe statutes so as to avoid absurd or glaringly unjust results, foreign to the legislative purpose, is, as we have seen, a traditional and appropriate function of the courts").

Respondent's argument that the Third Circuit Court of Appeals is without jurisdiction in this case cannot be addressed before this Court. The Third Circuit Court of Appeals must decide whether it has jurisdiction over a habeas corpus petition under 8 U.S.C. §1252. Papgeorgiou v. Gonzales, 415 F.3d 356, 367 (3d Cir. 2005) (noting that the Third Circuit Court of Appeals has always retained jurisdiction to determine its own jurisdiction).

A motion for reconsideration may also be filed under Rule 60(b). This Rule provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for    . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." A motion under Rule 60(b) must be filed within one year after the order was entered. In order to prevail, the moving party "bears a heavy burden of showing . . . that, absent such relief an 'extreme' and 'unexpected' hardship will result." Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1975).

Respondent has filed its motion for reconsideration within the one year period required by Rule 60(b).  The only ground Respondent apparently raises is mistake.  As discussed previously, the Court did not misinterpret the Real ID Act and mistakenly transfer the petition to the Third Circuit Court of Appeals.  None of the other provisions in Rule 60(b) apply. Respondent has not stated sufficiently any other reason justifying relief other than this Court's alleged mistake in statutory interpretation.  In addition, Respondent, as the moving party, did not meet the burden of showing that without the grant of its motion for reconsideration, extreme and unexpected hardship would result.  <u>Mayberry v. Maroney</u>, 558 F.2d 1159, 1163 (3d Cir. 1975).

Therefore,

IT IS, on this 29th  November, 2006,

ORDERED that Respondent's  "Motion for Reconsideration, in Response to Motion for Stay of Removal and Other Relief" (Docket Entry No. 5) and "Motion to Dismiss the Petition." (Docket Entry No. 5) are DENIED, and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of this Order.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.